## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IOWA NETWORK SERVICES, INC.,    )
   )
       Plaintiff,    )
   )     **CIVIL ACTION**
v.    )
   )     **Case No. 09-2393-CM**
SPRINT COMMUNICATIONS    )
COMPANY, L.P., SPRINT NEXTEL    )
CORPORATION, SPRINT UNITED    )
MANAGEMENT COMPANY, and    )
SPRINT CORPORATION,    )
   )
       Defendants.    )
_____)

## MEMORANDUM AND ORDER

Plaintiff Iowa Network Services, Inc. brings this action against four Sprint companies, claiming that the Sprint companies (Sprint Communications Company, L.P., Sprint Nextel Corporation, Sprint United Management Company, and Sprint Corporation) breached plaintiff's Centralized Equal Access tariffs. Plaintiff characterizes the action as a collection action arising from defendants' failure to pay for services that plaintiff provided to defendants. Defendants filed a motion arguing that two of the defendants—Sprint Nextel Corporation and Sprint Corporation—should be dismissed from the action (Doc. 46). These two companies claim that they have never operated with plaintiff in any manner.

The court was concerned about how to address defendants' motion. It is titled a motion to dismiss and cites *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), but it also alleges misjoinder of parties pursuant to Fed. R. Civ. P. 21 and has exhibits attached. The court therefore gave the parties notice that it intended to convert defendants' motion to one for summary judgment (Doc. 69). The parties filed supplemental briefs addressing their positions on whether the court should convert the

motion to one for summary judgment. Plaintiff proceeded as if the court had already converted the motion to one for summary judgment. Defendant assumed that the court would seek additional briefing if it decided to convert the motion.

The court has reviewed all of the papers presently before it. Based on these papers, the court determines that nearly all of the facts about the involvement of Sprint Nextel Corporation and Sprint Corporation are controverted. Neither summary judgment nor dismissal on the pleadings is appropriate. Although severance of the parties may have merit, the court is not convinced that severance is the best course of action here.

The papers before the court, however, suggest to the court that *sua sponte* transfer of the case pursuant to 28 U.S.C. § 1404(a) is likely appropriate. Previously, defendants filed a motion to transfer (Doc. 20). The court denied the motion to transfer without prejudice because defendants Sprint Nextel Corporation and Sprint Corporation admitted that the Southern District of Iowa lacked jurisdiction over them, but consented to jurisdiction by affidavit. (*See* Doc. 43, at 2). The court held the consent ineffective. (*Id.*)

Considering the facts before the court in the light most favorable to plaintiff, the facts suggest that the Southern District of Iowa would, indeed, have personal jurisdiction over Sprint Nextel Corporation and Sprint Corporation. *See Ten Mile Indus. Park v. W. Plains Serv. Co.*, 810 F.2d 1518, 1524 (10th Cir. 1987) ("In ascertaining the facts necessary to establish jurisdiction, the district court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by the defendant's affidavits."); *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (holding that where affidavits are submitted, any doubts should be resolved in favor of the plaintiff). Plaintiff is an Iowa corporation with its principal place of

business in West Des Moines, Iowa. (Compl., at 6.) Plaintiff alleges that defendants Sprint Nextel Corporation and Sprint Corporation ordered services from plaintiff, but never paid for the services. In light of the substantial contact and communication that plaintiff alleges Sprint Nextel Corporation and Sprint Corporation had with an Iowa corporation, the court has difficulty envisioning how, at this stage of the litigation, the Southern District of Iowa would not be able to assert personal jurisdiction over Sprint Nextel Corporation and Sprint Corporation. That is not to say that plaintiff will ultimately be able to prove Sprint Nextel Corporation's and Sprint Corporation's involvement in the transactions, but accepting plaintiff's allegations as true, it appears that they had sufficient involvement to subject themselves to the jurisdiction of an Iowa court.

In light of all of these facts, the court determines that the most appropriate course of action is to deny defendants' motion to dismiss/for summary judgment and to give the parties notice that the court intends to *sua sponte* transfer this case to the Southern District of Iowa and opportunity to respond. The court notes that the parties have already briefed this issue once. The court therefore does not believe that substantial additional time is required for briefing. The court grants the parties until February 9, 2010 to file briefs in support of the court's proposal or in opposition to it. No additional briefing should be necessary. Because the court realizes that time may be of the essence if the court decides that transfer is appropriate, the court intends to render a decision on the matter quickly.

**IT IS THEREFORE ORDERED** that the Motion of Sprint Defendants for Order Dismissing Sprint Nextel Corporation and Sprint Corporation (Doc. 46) is denied.

**IT IS FURTHER ORDERED** that, on or before February 9, 2010, the parties must file any briefs contesting or supporting transfer of this case to the Southern District of Iowa. After this opportunity to be heard, the court will render its decision on whether to transfer the case.

Dated this 26th day of January 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
